**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Douglas K. Harris, | ) | No. CV-08-1010-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| American Work Force; ESIS/ACE USA; Arizona Industrial Commission, | ) | |
| Defendants. | ) | |

The court has before it defendant Arizona Industrial Commission's (the "Commission") motion to dismiss (doc. 6), defendants American Work Force and ESIS/ACE's motion to dismiss (collectively, "ACE defendants") (doc. 8), plaintiff's response (doc. 7), the Commission's reply (doc. 11), and the ACE defendants' reply (doc. 14). We also have before us plaintiff's motion to amend the complaint (doc. 12) and the Commission's response (doc. 15).

**I**

The claims in plaintiff's *pro se* complaint arise from an industrial injury that he suffered while working for American Work Force. He filed for and received disability benefits under his employer's worker's compensation program for approximately one year. His benefits were eventually terminated upon a finding by the Administrative Law Judge

1 ("ALJ") that he was medically stationary and without permanent impairment.  Plaintiff
2 unsuccessfully sought judicial review of the ALJ's decision in the Arizona Court of Appeals
3 and the Arizona Supreme Court.  He then filed this action against his employer, American
4 Work Force, ESIS/ACE, an insurance carrier, and the Commission, asserting claims of
5 negligence, civil rights violations, fraud, conspiracy to commit fraud, and insurance fraud.

## II

7       The Commission moves to dismiss the complaint, arguing that (1) we lack subject
8 matter jurisdiction to review a final decision of a state court, (2) the claims are barred by the
9 Eleventh Amendment, and (3) the claims are barred by the doctrine of quasi-judicial
10 immunity.  We agree that we lack subject matter jurisdiction and accordingly we grant the
11 Commission's motion to dismiss (doc. 6).

12       "Federal courts are not courts of general jurisdiction; they have only the power that
13 is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant
14 thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 106 S. Ct. 1326,
15 1331 (1986).  The Rooker-Feldman doctrine is a well-established jurisdictional rule
16 prohibiting federal courts from exercising appellate review over final state court judgments.
17 See Reusser v. Wachovia Bank, 525 F.3d 855, 858-59 (9th Cir. 2008); see also D.C. Court
18 of Appeals v. Feldman, 460 U.S. 462, 482-86, 103 S. Ct. 1303, 1315-17 (1983); Rooker v.
19 Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S. Ct. 149, 150 (1923).  The doctrine applies
20 when a "federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state
21 court, and seeks relief from a state court judgment based on that decision."  Henrichs v.
22 Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007).

23       Rooker-Feldman applies even when the federal plaintiff does not directly contest the
24 merits of a state court decision, as the doctrine "prohibits a federal district court from
25 exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court
26 judgment."  Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003).  A federal action is
27 a *de facto* appeal where "claims raised in the federal court action are 'inextricably
28 intertwined' with the state court's decision such that the adjudication of the federal claims

1 would undercut the state ruling or require the district court to interpret the application of state
2 laws or procedural rules." Id. Moreover, a federal district court lacks jurisdiction over
3 challenges to state court decisions "even if those challenges allege that the state court's
4 action was unconstitutional." Feldman, 460 U.S. at 486, 103 S. Ct. at 1317. "If the
5 constitutional claims presented to a United States District Court are inextricably intertwined
6 with the state court's denial in a judicial proceeding of a particular plaintiff's application [for
7 relief], then the District Court is in essence being called upon to review the state court
8 decision. This the District Court may not do." Id. at 483 n.16, 103 S. Ct. at 1316 n.16.
9 Absent express statutory authorization, only the United States Supreme Court has jurisdiction
10 to reverse or modify a final state court judgment. Heinrichs, 474 F.3d at 613.

11 The gravamen of plaintiff's prolix and largely incomprehensible complaint is that the
12 ALJ and state courts erred in concluding that he is not entitled to continued benefits. In his
13 prayer for relief he "demands all decisions from the [Commission], STATE
14 APPEALS/SUPREME COURTS Be (DISMISSED) on the grounds of Intent and carried out
15 acts of Fraud/Criminal Conspiracy." Complaint at 11. He seeks "Back Pay of the full
16 correct amount of workmen's comp from Jan 2006 to the present," as well as $10 million in
17 additional unspecified damages. Id. at 11-12. He argues that the ALJ improperly failed to
18 consider medical opinions supporting his disability claim. He posits various explanations
19 as to why the ALJ may have chosen to deny benefits, including bias and collusion, and
20 asserts that he was deprived of various constitutional rights as a result.

21 At the heart of plaintiff's complaint, however, is his contention that his benefits were
22 wrongfully terminated. This issue was squarely considered and rejected by the ALJ and the
23 Arizona Court of Appeals. An adjudication of the federal claims would require that we
24 revisit the state court's decision and consider whether it erred in denying plaintiff continued
25 benefits. Under the Rooker-Feldman doctrine we are without jurisdiction to do so.[1]

---

[1] We also agree with the Commission that even if we had jurisdiction to consider plaintiff's claims, they are nevertheless barred by Eleventh Amendment immunity. The

- 3 -

**III**

The Ace defendants move for dismissal of the complaint because they have not been properly served (doc. 8). They correctly contend that service by certified mail is not sufficient under Rule 4(c), Fed. R. Civ. P. However, the deadline to effect service has not expired. See Fed. R. Civ. P. 4(m) (plaintiff shall have 120 days after the complaint is filed to effect service). Therefore, the Ace defendants' motion is premature and is denied.

Nevertheless, the dismissal of the complaint for lack of subject matter jurisdiction also applies to the claims asserted against the Ace defendants.[2] *Sua sponte* dismissal for lack of subject matter jurisdiction is appropriate at any stage of the proceedings. Scholastic Entm't, Inc. v. Fox Entm't Group, Inc., 336 F.3d 982, 985 (9th Cir. 2003); see also Fed. R. Civ. P. 12(h)(3). We have concluded that the plaintiff's complaint is the functional equivalent of an appeal of the state court decision and that we are without jurisdiction to consider these claims. Therefore, the complaint is dismissed as to all of the defendants for lack of subject matter jurisdiction.

---

Eleventh Amendment bars actions against a state or its agencies unless the state consents to suit or Congress abrogates Eleventh Amendment immunity, regardless of the relief sought. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54, 116 S. Ct. 1114, 1122 (1996); Kentucky v. Graham, 473 U.S. 159, 167 n.14, 105 S. Ct. 3099, 3106 n.14 (1985). Plaintiff has failed to show that the State has consented to suit or that Congress has abrogated the Commission's immunity.

[2]We note that plaintiff alleges scant factual allegations regarding defendant ESIS/ACE such that the complaint fails to give the defendant reasonable notice of the basis of the claims against it as required by Rule 8(a)(2), Fed. R. Civ. P. The claims against ESIS/ACE are properly dismissed on this basis as well.

**IV**

Generally, Rule 15(a), Fed. R. Civ. P., permits a party to amend a complaint once as a matter of course at any time before a responsive pleading is filed. Nevertheless, plaintiff filed a motion for leave to amend the complaint (doc. 12) and submitted what he calls an "amended complaint" (doc. 19). We may deny leave to amend where it is clear that amendment would be futile, Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002), and we will look to the sufficiency of allegations in the proposed amended complaint to determine if the amended allegations would cure the complaint's deficiencies, Jones v. Cmty. Redevelopment Agency, 733 F.2d 646, 650-51 (9th Cir. 1984).

Plaintiff's proposed amended complaint is largely a recitation of his original complaint. As in the original complaint, the amended allegations arise directly out of plaintiff's work-related injury and the denial of continued worker's compensation benefits. Because these amended claims are also inextricably intertwined with the state court's decision denying plaintiff continued benefits, we are without jurisdiction to review them. Moreover, plaintiff's amended claims against the Commission are barred by the Eleventh Amendment, and his amended allegations regarding deprivation of constitutional rights are incurably frivolous. It would be a futile use of judicial and litigant resources to permit the filing of an amended complaint "as a matter of course" that is irreparable and that we have no jurisdiction to entertain. Because it is clear that the deficiencies in plaintiff's complaint cannot be cured by amendment, we deny plaintiff leave to file an amended complaint (doc. 12).

**V**

**IT IS ORDERED GRANTING** the Commission's motion to dismiss for lack of subject matter jurisdiction (doc. 6), **DENYING** the Ace Defendants' motion to dismiss (doc. 8), but *sua sponte* **DISMISSING** the complaint against the Ace Defendants for lack of

1  subject matter jurisdiction.  Finally, **IT IS ORDERED DENYING** plaintiff's motion to
2  amend the complaint (doc. 12).  The clerk shall enter final judgment.
3        DATED this 14th day of August, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge